UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK P. MURPHY,

                      Plaintiff,

-against-

LA. SPAULDING, Assistant Warden; SGT. CARROZZA, Westchester D.O.C.; C.O. IABONI & SCHMITT, Westchester Cty. D.O.C.,

                      Defendants.

1:20-CV-9013 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently held in the Westchester County Jail ("WCJ") as a pretrial detainee, brings this *pro se* action alleging that the defendants violated his federal constitutional rights. Plaintiff sues WCJ Assistant Warden La. Spaulding, WCJ Correctional Sergeant Carrozza, and WCJ Correctional Officers Iaboni and Schmitt, and he seeks damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated December 2, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following in his complaint: On September 23, 2020, while Plaintiff was held in his WCJ cell, Carrozza, Iaboni, and Schmitt were attempting to coax another prisoner out of that prisoner's cell and escort the prisoner to "suicide watch." (ECF 2, at 4.) The prisoner refused to allow Carrozza, Iaboni, or Schmitt to handcuff him behind his back. "[I]n an effort to expedite his transfer[,] th[ey] [hand]cuffed him in the front." (*Id.*) Carrozza, Iaboni, and Schmitt then opened the prisoner's cell door, but did not pat frisk him. They then proceeded to escort him from the housing unit. And as they passed Plaintiff's cell, the prisoner "pulled a shampoo bottle full of an unknown substance (i.e. urine, feces, caustic chemical) and doused [Plaintiff's] upper body with this substance." (*Id.*) The prisoner then broke free of Carrozza, Iaboni, and Schmitt, and unsuccessfully attempted to flee. Once the prisoner was secured, Carrozza, Iaboni, or Schmitt asked Plaintiff if he needed medical attention. Plaintiff asked to take a shower, but sought medical attention the next day; he "was given Benedrill and Cortisone Cream to ease the side effects of a rash that [he] had developed on [his] left arm and right facial area." (*Id.*)

On September 24, 2020, Plaintiff filed a grievance asserting that "the manner in which th[e] [other] inmate was placed in mechanical restraints, and subsequently removed from his cell without having been patted down or frisked" was not in compliance with State directives or WCJ policies and procedures. (*Id.* at 5.) "Had this inmate been properly restrained . . . and properly pat frisked and thereafter escorted in the manner proscribed and properly supervised[,] he would not have been able to" reach for the bottle and douse Plaintiff. (*Id.*) The WCJ grievance coordinator denied Plaintiff's grievance in its entirety. But on October 2, 2020, Assistant Warden Spaulding issued a memorandum partially reversing the grievance's denial. Spaulding affirmed the grievance's denial insofar as it denied Plaintiff's claim that Carrozza, Iaboni, and Schmitt failed

3

to follow State directives or WCJ policies and procedures by not handcuffing the other prisoner behind his back, because those directives, policies, and procedures do not "dictate[] how inmates are handcuffed for escorts within the facility." (*Id.* at 8.) But Spaulding overturned the grievance's denial with respect to Plaintiff's claim that the other prisoner should have been pat-frisked before being escorted. Spaulding determined "that proper protocols were not totally followed in that the inmate should have been [pat-frisked] for weapons/contraband prior to being escorted down the tier in handcuffs." (*Id.*) Spaulding noted that "the staff involved was re-educated on the importance of searching an inmate prior to escorting him through the facility with [hand]cuffs on." (*Id.*)

## DISCUSSION

### A. Failure to protect

The Court construes Plaintiff's complaint as asserting claims that the defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by failing to protect Plaintiff, a pretrial detainee, from the other prisoner's attack. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). A prisoner must satisfy two elements to state such a claim under 42 U.S.C. § 1983: (1) an "objective" element, which requires a showing that the challenged conditions of confinement (including the risk of attacks from other prisoners) are sufficiently serious, and (2) a "mental" element, which requires a showing that a jail official acted with at least deliberate indifference to those conditions of confinement. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a prisoner "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to physical and mental soundness." *Id*. at 30 (internal quotation marks and citations omitted). And to satisfy the mental element, a pretrial detainee

4

must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. The mere negligence of a jail official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Plaintiff has not alleged sufficient facts to state a claim under § 1983 that the defendants failed to protect him from the other prisoner's attack. Even assuming that Plaintiff has satisfied the objective element of this claim, he has failed to allege facts that suggest that any of the defendants "acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk . . . posed to [Plaintiff] even though the defendant[s] knew, or should have known, that the [other prisoner] posed an excessive risk to [Plaintiff's] health or safety. *Darnell*, 849 F.3d at 35. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state a claim under § 1983 that the defendants failed to protect him from the other prisoner's attack.

**B.     Assistant Warden Spaulding**

To state a claim under § 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their

5

subordinates under a theory of *respondeat superior*."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff's allegations about Assistant Warden Spaulding do not suggest that he or she was personally involved in any violations of Plaintiff's constitutional rights. Plaintiff merely alleges that Spaulding "foster[ed] an atmosphere that ma[de] it possible for such incidents to occur," and partially reversed the denial of Plaintiff's grievance about being attacked. (ECF 2, at 5, 8.) The Court grants Plaintiff leave to amend his complaint to allege facts showing how all the defendants named in the amended complaint were personally involved in violations of Plaintiff's constitutional rights.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the amended complaint's statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

---

[2] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

6

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's claims, including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-9013 (LLS).

An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated: December 7, 2020
New York, New York

                                        */s/ Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.