UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK P. MURPHY,

                Plaintiff,

-against-

LA. SPAULDING (ASSISTANT WARDEN);
SGT. CARROZZA (WESTCHESTER D.O.C.);
C.O. IABONI (WESTCHESTER D.O.C.); C.O.
SHMITT (WESTCHESTER D.O.C.),

                Defendants.

7:20-CV-9013 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Mark P. Murphy, who appears pro se and is currently held in the Westchester County Jail ("WCJ"), brings this action alleging that the defendants violated his federal constitutional rights, and he seeks damages. He sues: (1) WCJ Assistant Warden La. Spaulding, (2) WCJ Correction Sergeant Carrozza, (3) WCJ Correction Officer Iaboni, and (4) WCJ Correction Officer Shmitt.[1] The Court construes Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated December 2, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis (IFP).[2]

For the reasons discussed below, the Court construes Plaintiff's official-capacity claims against Carrozza, Iaboni, and Shmitt as brought against the County of Westchester, and directs the Clerk of Court to add the County of Westchester as a defendant. The Court directs service on all the defendants, and directs them to comply with Local Civil Rule 33.2.

---

[1] Plaintiff sues Carrozza, Iaboni, and Shmitt in their official and individual capacities.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

I.  Discussion

### A.  County of Westchester

The Court construes Plaintiff's official-capacity claims against Carrozza, Iaboni, and Shmitt as claims against the County of Westchester. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief."); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

In light of Plaintiff's pro se status and clear intention to assert claims against the County of Westchester, the Court directs the Clerk of Court to add the County of Westchester as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the County of Westchester may wish to assert.

### B.  Service on the defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the defendants until the Court reviewed the amended complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the amended complaint until 90 days after the date that summonses

are issued for the defendants. If the amended complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the amended complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the amended complaint upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

3

date of service, the defendants must serve responses to those standard discovery requests.  In their responses, the defendants must quote each request verbatim.[3]

## II.  Conclusion

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to add the County of Westchester as a defendant.  Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to: (1) issue summonses for Assistant Warden La. Spaulding, Correction Sergeant Carrozza, Correction Officer Iaboni, Correction Officer Shmitt, and the County of Westchester, (2) complete USM-285 forms with the service addresses for Assistant Warden La. Spaulding, Correction Sergeant Carrozza, Correction Officer Iaboni, Correction Officer Shmitt, and the County of Westchester, and (3) deliver all documents necessary to effect service of summonses and the amended complaint (ECF 9) on Assistant Warden La. Spaulding, Correction Sergeant Carrozza, Correction Officer Iaboni, Correction Officer Shmitt, and the County of Westchester to the U.S. Marshals Service.

The Court additionally directs the defendants to comply with Local Civil Rule 33.2 within 120 days of the date of service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf.*

---

[3] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 8, 2021
           White Plains, New York

                                            KENNETH M. KARAS
                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. La. Spaulding, Assistant Warden
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

2. Correction Sergeant Carrozza
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

3. Correction Officer Iaboni
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

4. Correction Officer Shmitt
   Westchester County Jail
   10 Woods Road
   Valhalla, New York 10595

5. County of Westchester
   Law Department
   148 Martine Avenue
   White Plains, New York 10601