UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK MURPHY,<br><br>                              Plaintiff,<br><br>               -v-<br><br>L.A. SPAULDING, *et al.*,<br><br>                              Defendants. | No. 20-CV-9013 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

  On February 1, 2022, the Court granted Defendants' Motion To Dismiss. (Dkt. No. 32.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file a second amended complaint addressing the deficiencies identified in the Opinion & Order. (*Id.*) Plaintiff did not file a second amended complaint within thirty days of the issuance of the Opinion & Order and has not yet filed a second amended complaint. (*See* Dkt.) On March 8, 2022, this Court issued an Order directing Plaintiff to show cause, by no later than March 29, 2022, as to why this case should not be dismissed for failure to prosecute. (Dkt. No. 33.) A copy of that Order was mailed to Plaintiff. (Dkt. (entry for March 8, 2022).)

  This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was ordered twice to file a Second Amended Complaint and was instructed that a failure to do so could result in dismissal. (*See* Dkt Nos. 32, 33.) To date, Plaintiff has not responded to the Order to Show Cause, filed a Second Amended Complaint, or otherwise communicated with the Court. (*See* Dkt.) Plaintiff has not communicated with the Court regarding this Action since August 13, 2021. (Dkt. No. 30.) Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767,

at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:	March 30, 2022
	White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE